**STATE OF WEST VIRGINIA**

*In re* **L.T.-1 and L.T.-2**

**No. 18-0877** (Kanawha County 18-JA-95 and 18-JA-96)

**FILED**

**February 15, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.T., by counsel Michael D. Payne, appeals the Circuit Court of Kanawha County's September 10, 2018, order terminating her parental rights to L.T.-1 and L.T.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary M. Downey, filed a response on behalf of the children in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in denying her motion for a post-dispositional improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2018, the DHHR filed a petition alleging that petitioner exposed her children to her controlled substance use, left controlled substances and drug paraphernalia within the children's reach, and failed to provide the children with necessary food, clothing, supervision, and housing. The petition was filed after petitioner and the father were incarcerated for misdemeanor possession of controlled substances. Additionally, the DHHR alleged that petitioner was the subject of a previous abuse and neglect petition in February of 2016 which

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, as the children share the same initials, we refer to them as L.T.-1 and L.T.-2.

[2]Petitioner refers to a "dispositional improvement period" in her assignment of error. However, West Virginia Code § 49-4-610 provides for preadjudicatory, post-adjudicatory, and post-dispositional improvement periods. Considering the circumstances of these proceedings and petitioner's argument, we assume petitioner's assignment of error refers to a post-dispositional improvement period and address it as such. Additionally, petitioner does not raise a specific assignment of error regarding the termination of her parental rights.

also involved controlled substance abuse and domestic violence in the home. According to the DHHR, petitioner participated in a post-adjudicatory improvement period and regained custody of the children.[3] The circuit court held an adjudicatory hearing in March of 2018. According to petitioner, she stipulated to the conditions of abuse and neglect and was granted a post-adjudicatory improvement period.[4]

In August of 2018, the circuit court held a dispositional hearing. The DHHR recommended termination of petitioner's parental rights and presented testimony of the DHHR worker assigned to the case. According to the DHHR worker, petitioner failed to participate in random drug screening as required by her family case plan. The DHHR worker also testified that petitioner was required to participate in parenting and adult life skills classes and that she participated in "some" classes. The DHHR worker testified that petitioner began participating in a substance abuse program "just a week ago," but that the worker had not received any documentation from the program regarding petitioner's attendance. Finally, the DHHR worker testified that petitioner was involved in a domestic violence incident with the father in June of 2018, for which the father was arrested.

Petitioner's adult life skills educator testified that petitioner consistently attended her classes since mid-March of 2018. Also, the educator testified that petitioner applied for her rehabilitation program in June of 2018, but was not admitted until July 22, 2018. Lastly, petitioner testified that she was unable to attend drug screens because she was unable to afford transportation and new photo identification. However, petitioner admitted that she continued to use methamphetamine and marijuana until July of 2018. According to petitioner, she attended four of five possible sessions at her substance abuse treatment since it began. Petitioner requested a post-dispositional improvement period and argued that her desire to attend substance abuse rehabilitation was a substantial change in her circumstances.

Ultimately, the circuit court found petitioner had not made sufficient efforts to rectify the conditions of abuse and neglect and failed to follow through with a reasonable family case plan designed to reduce or prevent those conditions. Further, the circuit court found that termination of petitioner's parental rights was in the best interest of the children. Accordingly, the circuit court denied petitioner's motion for a post-dispositional improvement period and terminated petitioner's parental rights to the children. The circuit court memorialized its decision in its September 10, 2018, order. Petitioner now appeals that order.[5]

The Court has previously established the following standard of review:

---

[3]It is unclear when petitioner regained custody of the children and the prior petition was dismissed.

[4]Petitioner's appendix does not include the circuit court's adjudicatory order, petitioner's motion for an improvement period, or the family case plan.

[5]The father's parental rights were also terminated. According to the parties, the permanency plan for the children is adoption in their current relative foster placement.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T*., 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying her motion for a post-dispositional improvement period. Specifically, petitioner asserts that the circuit court clearly erred in finding

"[t]hat [petitioner] and [the father] have not followed through with a reasonable family case plan or other rehabilitative services, the efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse and neglect of the Respondent Children, as evidenced by the continuation of conditions which threaten the health, welfare or life the Respondent Children."

Petitioner contends that she was "completely complying with services" during her post-adjudicatory improvement period and the DHHR improperly held the incident of domestic violence against her where she was the victim. Further, petitioner argues that her failure to complete drug screens was due to her lack of transportation and should not be held against her. Upon our review of the record, we find petitioner is not entitled to relief.

West Virginia Code § 49-4-610(3) provides that a circuit court may grant a post-dispositional improvement period when "[t]he respondent moves in writing for the improvement period" and "demonstrates, by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period[.]"Additionally, if a respondent has previously been granted an improvement period during the proceedings, then they must "demonstrate[] that since the initial improvement period, the respondent has experienced a substantial change in circumstances" and that due to this change in circumstances "the respondent is likely to fully participate in the improvement period." W.Va. Code § 49-4-610(3)(D). The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In*

*re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . .").

The circuit court did not err because petitioner did not meet her requisite burden to receive a post-dispositional improvement period.[6] Although petitioner argues that she "completely" complied with services, the record is clear that she did not participate in a single random drug screen throughout the proceedings. Moreover, although petitioner argues that she only failed to participate in these drug screens due to transportation issues, West Virginia Code § 49-4-610(4) explicitly provides that "the respondent shall be responsible for the initiation and completion of all terms of the improvement period." This includes contacting the DHHR to explain the lack of transportation in order to find a way by which petitioner could attend drug screens. Petitioner also emphasizes that she entered substance abuse treatment in late July of 2018 after being placed on the facility's "waitlist" in June of 2018. Although it is unclear if substance abuse treatment was a required term of petitioner's improvement period, that improvement period began in March of 2018 and petitioner offers no explanation as to why she did not attempt to enter treatment during the first three months of her improvement period. Even after she began the treatment, petitioner testified that the classes were "supposed to be five" days per week, but admitted to not attending every day. Finally, and most importantly, petitioner admitted that she continued to use methamphetamine and marijuana as recently as two weeks before the final dispositional hearing. Clearly, the conditions which existed at the filing of the petition continued to exist through the majority of petitioner's improvement period and the circuit court correctly found that petitioner failed to follow through with her family case plan. Accordingly, we find that the circuit court did not err in denying petitioner's motion for a post-dispositional improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 10, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: February 15, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[6]Although petitioner argued in the circuit court that her desire to participate in substance abuse rehabilitation was a substantial change in circumstances for the purpose of being granted a second improvement period, she does not raise that argument on appeal. Nevertheless, we find it unnecessary to address this argument considering petitioner's failure to prove by clear and convincing evidence that she was likely to fully participate in the terms of a post-dispositional improvement period.

4